E-FILED
Wednesday, 21 April, 2010  11:11:16 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

_____

| | | |
|---|---|---|
| **JIMMIE JONES,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. 92-CR-20042** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### <u>OPINION</u>

On March 26, 2010, Petitioner Jimmie Jones filed a "Motion to Dismiss Charges and Judgment Supported by Sworn Affidavit Under the Penalty of Perjury 28 U.S.C. 1746" (#170). Because this is Jones's third motion under 28 U.S.C. § 2255, this court concludes that it must be dismissed.

### BACKGROUND

In 1994 Jones was sentenced to a term of imprisonment for conspiracy to distribute cocaine and heroin, firearms violations, money laundering and income tax evasion.  In 1998 Jones filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  See <u>Jones v. United States</u>, 98-CV-2064 (C.D. Ill. 1998).  That motion was denied on September 8, 1998.

Then, on September 22, 2004, Jones filed a Motion to Correct Sentence Pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure (#159), which was filed in his criminal case (92-CR-20042).  Jones argued that he must be resentenced in light of the United States Supreme Court's decisions in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004) and <u>United States v. Booker</u>, 543 U.S. 220 (2005).  The court issued an Order (#161) on May 25, 2005, in which it construed Jones's motion as a § 2255 motion, writing "[s]ince Jones seeks review of his sentence, his motion is a Section 2255 motion in disguise."  <u>United States v. Jones</u>, 92-CR-20042, at 1 (C.D. Ill. 2005) (#161).  The court

concluded that since Jones had already filed a § 2255 motion that had been denied in 1998, this new filing constituted a second or successive motion that needed to be certified by a panel of the court of appeals before it could proceed.  Thus, the court did not have the authorization from the Seventh Circuit Court of Appeals and was without jurisdiction to hear the motion.  Therefore, Jones's motion was dismissed.

Jones filed this current motion on March 26, 2010, in which he asks that the charges against him "be dismissed for lack of authorization letter from the attorney general's office of the United States, an executive order from the president of the United States, and/or certificate of protest from the secretary of the treasury."  Jones also states "that there was/or is not any personal subject matter jurisdiction to adjudicate any process against" him.  Jones, anticipating quick dismissal of his motion by the court, also asserts that "[t]he district court can not recharacterize this motion as 2255 habeas corpus to procedurally bar this affiant to avoid answering this motion as the district court has limited power to recharacterize see Castro v. United States, 540 U.S. 375, 175 L.Ed.2d (2003) trying to avoid answering this motion on its merits is fraud."

## ANALYSIS

Unfortunately for Jones, this court *can* and *will* recharacterize his motion as a successive petition under § 2255.  First, the Castro case cited by Jones applies only in regards to a warning that a district court must give a pro se petitioner about recharacterizing a filing as a *first* habeas petition.  Castro, 540 U.S. at 383.  This will be Jones's third § 2255 petition.  Jones is seeking to have the charges against himself dismissed.  Simply stating that your motion is not a § 2255 motion does not make it so.  Jones is clearly seeking an alteration or correction of his sentence.  Therefore, Jones's motion is properly characterized as a petition under 28 U.S.C. § 2255.

Paragraph 8 of 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death

2

Penalty Act (AEDPA), requires a second or successive § 2255 motion to be certified by the Court of Appeals as set out in 28 U.S.C. § 2244.  Morrison v. United States, 2006 WL 156823, at *1 (C.D. Ill. 2006).  Jones did not receive authorization from the Seventh Circuit Court of Appeals to commence his successive § 2255 motion.

"A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing."  Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original).  "Unless and until the movant seeks and obtains permission from the court of appeals to file such a motion, the district court is without jurisdiction to entertain his request."  United States v. Carraway, 478 F.3d 845, 849 (7th Cir. 2007), cert. denied, 127 S. Ct. 2895 (U.S. 2007).  Because Jones has not sought or obtained authorization from the court of appeals, this court has "no option other than to dismiss his motion."  See Carraway, 478 F.3d at 849; Nunez, 96 F.3d at 991.

IT IS THEREFORE ORDERED THAT Jones's Motion to Dismiss Charges and Judgment Supported by Sworn Affidavit Under the Penalty of Perjury 28 U.S.C. 1746 (#170) is dismissed for lack of jurisdiction.

ENTERED this 21st day of April, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE